**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

NHI NGOC TRAN,

Petitioner,

v.

D MARIN, *et al.*,

Respondents.

Case No. 5:26-cv-03635-ACCV

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

## I. RULING

Petitioner Nhi Ngoc Tran ("Petitioner") is a citizen of Vietnam. (Dkt. 14 at 5.)[1] He is currently in U.S. Immigration and Customs Enforcement ("ICE") custody at the Adelanto ICE Processing Center. (*Id.* at 1, 4.). In this habeas action, Petitioner claims that his continued detention is unlawful because it violates 8 U.S.C. § 1231 and Respondents failed to comply with their own regulations when they detained Petitioner after he had been released on an order of supervision ("OSUP") in violation of the Fifth Amendment's Due Process protections and the Administrative Procedure Act. (*Id.* at 4, 10–16.)

---

[1] All citations to Petitioner's and Respondents' filings refer to the pagination numbers added to the header when docketed in the Case Management/Electronic Case File system.

For the reasons stated herein, the Court GRANTS the Petition and ORDERS Respondents to release Petitioner Nhi Ngoc Tran (A# 072-633-747) from custody immediately.

## II. FACTS AND PROCEDURAL HISTORY

Petitioner is a 52-year-old man from Vietnam, who arrived in the United States as a refugee in 1991. (Dkt. 1 at 5.) Petitioner became a legal permanent resident about a year after his entry. (*Id.*) In 2004, Petitioner was ordered removed by an immigration judge due to a prior conviction in 1992.[2] (*Id.*) Laos was designated as the country of removal and Vietnam as the alternative. (Dkt. 21 at 2.) Petitioner was detained at an ICE detention center in Eloy, Arizona for three and a half months. (*Id.*; *see also* Dkt. 14 at 5.) Unable to effectuate the removal, ICE released Petitioner under an order of supervision. (Dkts. 14 at 6; 21 at 2.) Petitioner alleges that the Government has not been able to obtain travel documents from Vietnam for over two decades. (Dkt. 14 at 2, 6.) Since then, Petitioner alleges he has complied with all of the conditions of his OSUP, including attending all ICE check-ins. (*Id.* at 2; *see also* Dkt. 21 at 2.) Petitioner has worked as a handyperson and helper while paying taxes. (Dkts. 14 at 2; 21 at 2.)

On May 20, 2026, ICE re-detained Petitioner at his ICE check-in. (Dkts. 14 at 2; 21 at 2.) The same day, Petitioner received a revocation letter stating that Petitioner's removal is now likely because his "case is under current review by the Government of Vietnam for the Issuance of a travel document." (Dkt. 14 at 3; *see also* Dkt. 21 at 3.) Petitioner also alleges that "ICE did no[t] indicate that the Government of Vietnam has found [him] eligible for repatriation." (Dkt. 14 at 3.)

---

[2] Petitioner's Amended Petition states that he was ordered removed in 2002, but his Reply clarifies that he was ordered removed on July 7, 2004. (Dkt. 21 at 2.)

Petitioner alleges in his Reply that as of August 20, 2026, 79 days have passed since the Government submitted their request to Vietnam for travel documents, and Respondents still have not been able to procure travel documents for Petitioner. (Dkt. 21 at 3.)

Petitioner filed his original Petition *pro se* on June 30, 2026. (Dkt. 1.) On July 27, 2026, Petitioner filed his Amended Petition alleging two claims: 1) his continued detention violates 8 U.S.C. § 1231(a); and 2) his detention violates the Fifth Amendment. (Dkt. 14 at 4.)

The Court referred Petitioner's case to the Federal Public Defender's Office to consider appointment of counsel. (Dkt. 15.) On August 6, 2026, a deputy federal public defender appeared on behalf of Petitioner. (Dkt. 16.)

Respondents filed their Answer to the Amended Petition on August 18, 2026. (Dkt. 19.) Petitioner, now represented by counsel, filed a Reply in support of his Amended Petition and consented to proceed before the Magistrate Judge on August 20, 2026. (Dkts. 20; 21.) The action was fully consented to, and the assigned District Judge approved the parties' consent to the Magistrate Judge on August 25, 2026. (Dkts. 22; 23.)

## III. DISCUSSION

Petitioner alleges that Respondents failed to comply with their own regulations when they revoked his OSUP and he was re-detained, which violated his due process rights and warrants his release. (Dkts. 1 at 12, 15; 21 at 7–8.)

Section 241.13(i) allows DHS to revoke a noncitizen's OSUP and re-detain them if they violate their conditions of release, 8 C.F.R. § 241.13(i)(1), or "if, on account of changed circumstances, [DHS] determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future," 8 C.F.R. § 241.13(i)(2); *see also Hoang v. Santa Cruz*, No. EDCV 25-2766 JGB (JCX), 2025 WL 3141857, at *3 (C.D. Cal. Oct. 28, 2025) ("[I]f a noncitizen is

subject to 8 C.F.R. § 241.13, ICE may only detain them under more limited circumstances than 8 C.F.R. § 241.4(l) . . . ."). Therefore, for revoking release under § 241.13(i)(2), the regulation "requir[es] (1) an individualized determination (2) by ICE that, (3) based on changed circumstances, (4) removal has become significantly likely in the reasonably foreseeable future." *Nguyen v. Hyde*, 788 F. Supp. 3d 144, 150 (D. Mass. 2025) (quoting *Kong v. United States*, 62 F.4th 608, 619–20 (1st Cir. 2023)).

When the Government revokes a noncitizen's OSUP based on its determination that there is a significant likelihood that a noncitizen may be removed in the reasonably foreseeable future, 8 C.F.R. § 241.13(i)(3) requires that certain procedural requirements be followed. Section 241.13(i)(3) provides the noncitizen must be: (1) "notified of the reasons for revocation of his or her release"; and (2) given "an initial informal interview promptly after his or her return to [] custody to afford the[m] an opportunity to respond to the reasons for revocation stated in the notification." 8 C.F.R. § 241.13(i)(3). "The revocation custody review will include an evaluation of any contested facts relevant to the revocation and a determination whether the facts as determined warrant revocation and further denial of release." *Id.* Section 241.13(i)(3) therefore "require[s], at minimum, that ICE articulate a meaningful, individualized basis for revocation sufficient to give the noncitizen notice of the grounds for re-detention and an opportunity to respond." *Vo v. Lyons*, No. 1:25-CV-533-JL-TSM, 2026 WL 323133, at *4 (D.N.H. Jan. 27, 2026). "Government agencies are required to follow their own regulations." *VARDGES NIKOGHOSYAN, Petitioner, v. TODD LYONS, et al., Respondents.*, No. 2:26-CV-05572-SP, 2026 WL 1818954, at *3 (C.D. Cal. June 12, 2026) (quoting *Hoac v. Becerra*, No. 2:25-CV-01740-DC-JDP, 2025 WL 1993771, at *3 (E.D. Cal. July 16, 2025)).

In their Answer, Respondents do not dispute that Petitioner was released on an OSUP and then re-detained more than two decades later on May 20, 2026. (*See generally* Dkt. 19.) Petitioner alleges he was not provided with an informal interview or an opportunity to respond to the allegations which resulted in his re-detention, and was only given the notice of revocation of his release until after he was re-detained. (Dkt. 14 at 12.) The Notice of Revocation of Release provided by Respondents indicates that Petitioner's "release has been revoked pursuant to 8 C.F.R. § 241.13(i)," which means those regulations apply. (Dkt. 19-4 at 2.) Petitioner alleges he has not been provided with an informal interview or a chance to respond to any allegations against him even after his detention. (*Id.*) Respondents do not contest these allegations and make no argument in response to Petitioner's due process claim. (*See generally* Dkt. 19.)

Respondents' failure to follow the regulations for the revocation of Petitioner's OSUP violated Petitioner's due process rights under the Fifth Amendment. *See Nguyen v. Noem*, 817 F. Supp. 3d 889, 899 (C.D. Cal. 2025) ("the Court again [ ] follow[s] its sister courts in finding that the failure to follow these procedural requirements violates the due process clause"); *Velasquez Jimenez v. Mullin*, No. EDCV 26-356-AGR, 2026 WL 1455385, at *7 (C.D. Cal. May 18, 2026); *Martinez v. Noem*, 821 F. Supp. 3d 1183, 1193 (C.D. Cal. 2026). As many courts have recognized, release from immigration custody is the proper remedy when a petitioner's prior release is improperly revoked. *See e.g.*, *Quiroz Lopez v. Bondi*, No. 2:26-CV-00767, 2026 WL 923370, at *4 (W.D. Wash. Apr. 6, 2026) (ordering release for violation of petitioner's due process rights by the government's failure to follow its own regulations); *Dong v. Chestnut*, No. 1:26-CV-00607-JLT-SAB-HC, 2026 WL 734432, at *4 (E.D. Cal. Mar. 16, 2026), *report and recommendation adopted,* No. 1:26-CV-00607 JLT SAB (HC), 2026 WL 913004 (E.D. Cal. Apr. 2, 2026) (recommending immediate release for failure

to follow the regulations); *Dong v. Warden of the Adelanto Det. Ctr.*, No. ED CV 26-1157-DOC(E), 2026 WL 1491180, at *2–3 (C.D. Cal. Apr. 24, 2026), *report and recommendation adopted sub nom. Dong v. Warden of Adelanto Det. Ctr.*, No. ED CV 26-1157-DOC(E), 2026 WL 1486783 (C.D. Cal. May 26, 2026); *Singh v. Rios*, No. EDCV 26-00786-MWF (SK), 2026 WL 973761, at *6 (C.D. Cal. Mar. 2, 2026); *Velasquez Jimenez*, 2026 WL 1455385, at *7 (collecting cases); *VARDGES NIKOGHOSYAN, Petitioner,*, 2026 WL 1818954, at *4.

The purpose of the regulations—notice, an interview, and an opportunity to be heard—is to ensure that the Government does not wrongly revoke a noncitizen's OSUP and deprive them of their liberty, a liberty that Petitioner has had for more than two decades. Because Petitioner has been prejudiced by the denial of these protections, Petitioner should be returned to the "status quo," which "is Petitioner's release on his . . . OSUP before his current re-detention." *Nazarian v. Noem*, No. EDCV 25-02694-KK-ADSX, 2025 WL 3236209, at *7 (C.D. Cal. Nov. 3, 2025); *Cruz v. Rios*, No. EDCV 26-01374-MWF, 2026 WL 973367, at *4 (C.D. Cal. Apr. 8, 2026) (same); *Bolandi v. Noem*, No. 5:26-CV-00628-MCS-AGR, 2026 WL 485764, at *3 (C.D. Cal. Feb. 19, 2026); *Hoang v. Noem*, No. 5:25-CV-03177-JLS-RAO, 2026 WL 89319, at *5 (C.D. Cal. Jan. 12, 2026) (same); *Trieu v. Mullin*, No. 5:26-CV-01653-MBK, 2026 WL 1045194, at *8 (C.D. Cal. Apr. 17, 2026) (same); *see also Esmail v. Noem*, No. 2:25-CV-08325-WLH-RAO, 2025 WL 3030590, at *9 (C.D. Cal. Sept. 12, 2025) ("Providing Petitioner an interview *ex post facto*, while keeping him detained in ICE's custody, would not remedy the apparent constitutional violation that Petitioner has suffered in being re-detained without any measure of due process.").

Because the Court has already concluded that Petitioner is entitled to release on due process grounds and has therefore granted the relief that lies at the core of

the Petition, the Court need not address Petitioner's remaining claim. Nothing prevents Petitioner from raising such claim if he is subject to any future detention.

## IV. CONCLUSION

For the reasons stated, the Court GRANTS the Petition and ORDERS:

(1) Respondents to release Petitioner Nhi Ngoc Tran (A# 072-633-747) immediately under the same conditions as he was released prior to his re-detention;

(2) Respondents to return all property to Petitioner that was confiscated from him when he was arrested and processed into detention;

(3) Respondents to file a statement with the Court within three days of Petitioner's release, attesting to Respondents' compliance with this Order; and

(4) That any future enforcement actions after Petitioner's release must comply with Due Process requirements.

DATED: August 27, 2026

HON. ANGELA C. C. VIRAMONTES
United States Magistrate Judge